UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:16-CV-80378

LITENS AUTOMOTIVE PARTNERSHIP,
a Canadian partnership,

Plaintiff,

v.

ZEN NORTH AMERICA CORP.,
a Florida Corporation, and
ZEN S.A., a Brazilian Corporation,

Defendants.
___________________________________/

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Litens Automotive Partnership ("Litens"), by and through its attorneys, respectfully alleges as follows:

## I. THE PARTIES

1. Litens is a partnership having its principal place of business at 730 Rowntree Diary Road, Woodbridge, Ontario L4L 5T7, Canada.

2. Upon information and belief, Defendant ZEN North America Corp. ("ZEN") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 3901 NW 79th Avenue, Suite 113, Miami, Florida 33166 and having a registered office at 3901 NW 79th Avenue, Suite 113, Miami, Florida 33166.

3. Upon information and belief, Defendant ZEN S.A. (ZEN S.A.) is a corporation incorporated in Brazil with its principal place of business at R. Gilherme Wegner, 65 – Steffen, Brusque- SC, 88355-100, Brazil.

4. Upon information and belief, ZEN is the North America distributor for ZEN S.A. and ZEN S.A. imports such products into the United States to ZEN.

## II. JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code §1, *et seq*.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over patent actions).

7. Venue and personal jurisdiction in this District are proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because one or more defendants have committed acts of infringement in this District, and because a substantial part of the acts and omissions giving rise to the claims occurred in this District.

8. This Court has personal jurisdiction over Defendants. Upon information and belief, ZEN has conducted and continues to conduct business within the state of Florida both for itself and on behalf of ZEN S.A. Upon information and belief, Defendants, directly or through intermediaries (including distributors, retailers, and others) ships, imports, distributes, offers for sale, sells, and advertises its products and offers its products in the United States, the state of Florida, and the Southern District of Florida. Upon information and belief, Defendants have voluntarily sold infringing products in the state of Florida and, more particularly, within the Southern District of Florida. Upon information and belief, Defendants has committed acts of patent infringement within the state of Florida and, more particularly, within the Southern District of Florida.

## III. BACKGROUND

## LITENS AND THE PATENT-IN-SUIT

9. Litens is the owner of all right, title and interest of United States Patent No. 6,083,130 ("the '130 patent"), which was duly and lawfully issued by the United States Patent and Trademark Office ("PTO") on July 4, 2000. The '130 patent issued from an application filed May 7, 1998, titled "Serpentine Drive System with Improved Over-Running Alternator Decoupler." A true and correct copy of the '130 patent is attached as Exhibit A.

10. As owner and assignee, Litens holds the right to sue and recover damages for infringement of these patents, including past damages.

11. The '130 patent is directed toward an Overrunning Alternator Decoupler (OAD™) pulley that absorbs base-engine vibration and effectively eliminates the vibration felt by the driver that occurs in belt drive systems for automotive vehicles. Specifically, the belt drive system is a serpentine accessory drive system that is commonly used to transfer power from an internal combustion engine crankshaft to accessory components typically including an alternator (generator), water pump, oil pump (power steering), air conditioning compressor (via electromechanical clutch).

12. The serpentine belt drive system was first introduced in the late 1970's and a single belt was wrapped around each of the components. One belt ran the alternator, water pump and power steering. All of the components were driven by the crank pulley and the alternator had a solid pulley.

13. In later years, as electronics became a more integral part of vehicles, the demand for electrical power increased and larger alternators with larger and heavier rotors and higher tension on belts started to cause noise, vibration and harshness (NVH) problems in the vehicles. Additional problems included belt chirp and premature belt wear.

14. However, as engine size continued to decrease, the size of alternator in some vehicles has increased. Due to the large size of the alternator, these vehicles can exhibit unsatisfactory NVH performance. The NVH is a result of the accelerations and decelerations of the engine crankshaft and the fluctuations of the rotational speed of the crankshaft. The torsional vibrations that are transferred to the belt drive are caused by high rotational accelerations induced into the belt drive system via the crankshaft pulley. Because of these rotational accelerations, the especially heavy alternator rotor generates its own vibrations that can be felt throughout the vehicle.

15. Litens's developed its OAD™ pulley to solve the problems associated with NVH caused in these scenarios. Litens's OAD™ pulley includes a resilient spring member, or a torsion spring, which acts as a dampening mechanism which greatly reduces belt vibration. The OAD™ pulley also acts as a one way clutch but has the benefit of reduced harshness due to the dampening action of the torsion spring. Litens's OAD™ pulley absorbs these vibrations and cancels out these high rotational accelerations. The dynamic forces within the engine are therefore dramatically reduced and the belt tensioner as well as the entire system's durability is greatly increased.

16. The decoupling feature of Litens's OAD™ enables the alternator to coast freely if belt speed suddenly decreases, such as an engine shut-down or a transmission shift. This further improves performance and reduces and/or eliminates NVH issues. Litens's OAD™ is engineered to control the resonant frequency of the system, which dramatically reduces the dynamic forces on the belt. Belt induced high speed fluctuations to the alternator are absorbed and the alternator rotor (inertia mass) is relatively unaffected. Alternator torque and thus belt forces can now be reliably controlled and the following benefits are achieved:

| **Direct Benefit** | **Indirect Benefits** |
|---|---|
| Reduced static tension | reduced tensioner cost/belt cost |
| Lower system drive torque | higher efficiency |
| Lower hubloads | improved component reliability/lower cost |
| Reduced belt wrap requirement | improved layout flexibility |
| Simpler damping requirement | reduced tensioner cost |
| Reduced noise and vibration | emotional quality |

17. Litens's OAD™ is installed in excess of 100 million vehicles on the road worldwide.

18. Since the late 1990's, Litens has been the premier and exclusive supplier of OAD™ pulleys to Original Equipment Manufactures (OEM) and aftermarket having the resilient spring member and a one-way clutch member.

**ZEN'S OVERRUNNING ALTERNATOR DECOUPLER PULLEY**

19. Upon information and belief, Defendants have developed, made, offered for sale, and sold an overrunning alternator decoupler pulley, which was marketed as a Z-Vib pulley (hereinafter, Z-Vib pulley).

20. The following shows a front and rear view of a Z-Vib pulley.




21. The Z-Vib pulley is for use in a serpentine belt drive system for an automotive vehicle and is claimed to reduce engine vibration, offer greater efficiency in idle speed reduction, and reduce tension in the vehicle accessories belt drive system, as shown in Defendants'

marketing materials:




22. The Z-Vib pulley includes a hub structure that connects to an alternator shaft and an alternator pulley. The hub structure is shown below:



The alternator pulley is also shown below:



23. The Z-Vib pulley also includes a resilient spring member and a one-way clutch member shown in the below exploded view of the Z-Vib pulley:



24. Defendants' claim to market the benefits of its Z-Vib pulley based in part on the inclusion of a torsion spring.


VIB
PREMIUM OAD pulley
ZEN
Enhanced energy efficiency


VIB
ZEN
Greater energy efficiency and lower noise
Extended life of the engine accessory drive
Lower vibration levels
Compact design
Advanced design which maintains grease and prevents leakage
Robust torsion spring to withstand engine torque fluctuations and increase pulley lifetime

25. In part due to its Z-Vib pulley, Defendants claim to have been recognized and selected by at least one of its customers to partner with for development of state-of the-art technology for the automotive market.

26. Defendants claim to have manufactured the Z-Vib pulley to OEM standards.

27. Defendants claim to have tested and demonstrated the Z-Vib pulley on a serpentine belt drive system for a vehicle. Such drive systems typically include an internal combustion engine having an output shaft with a driving pulley and a sequence of driven assemblies. A serpentine belt is mounted to the driving pulley and the driven assemblies. The system also includes an alternator assembly with an alternator shaft that is operatively driven by the serpentine belt.

28. Defendants' claim that Z-Vib pulley has passed rigorous testes required by the OEM.

29. Upon information and belief, Defendants launched the Z-Vib pulley in the aftermarket in 2014 and has offered it for sale to OEMs since that time.

**COUNT I - PATENT INFRINGEMENT**
**INFRINGEMENT OF U.S. PATENT NO. 6,083,130**

30. Plaintiff repeats and re-alleges paragraphs 1 through 29 of this Complaint as though set forth fully herein.

31. Defendants have, on information and belief, infringed and continue to infringe United States Patent No. 6,083,130, under 35 U.S.C. §271(a), by making, importing, using, selling, and/or offering to sell in and to the United States Z-Vib pulleys embodying the patented invention of the '130 Patent.

32. Upon information and belief, Defendants have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination, such agents including for example and without limitation, distributors, suppliers to OEMs and OEMs.

33. Defendants have, on information and belief, infringed and continue to infringe the ‘130 patent, under 35 U.S.C. §271(b). With knowledge and/or reckless disregard amounting to knowledge of the infringement by the Z-Vib pulley of the ‘130 patent, Defendants have provided Z-Vib pulleys for vehicles to at least one third party for use in infringement of the ‘130 Patent, such third parties including for example and without limitation, distributors, suppliers to OEMs and OEMs. Use by third parties of the Z-Vib pulleys obtained from or through Defendants for vehicles, upon information and belief, infringes the ‘130 patent. The actions of the Defendants constitute inducement of infringement of the ‘130 patent.

34. Defendants have, on information and belief, infringed and continue to infringe the ‘130 patent, under 35 U.S.C. §271(c). Upon information and belief, Defendants manufacture, import, sell, and/or offer to sell Z-Vib pulley with knowledge and/or reckless disregard amounting to knowledge that said Z-Vib pulley constitutes a material part of the invention of the ‘130 Patent and that are specially made or specially adapted for use in the infringement of the ‘130 Patent, and said Z-Vib pulley is not a staple article or commodity of commerce suitable for substantial non-infringing use. The actions of Defendants constitute contributory infringement of the ‘130 Patent, including for example and without limitation, by the Z-Vib pulley being provided to, sold, and/or used by distributors, suppliers to OEMs and OEMs and to third parties from the same, such as owners and operators of vehicles.

35. Upon information and belief, Defendants have written notice of its infringement

at least by virtue of the filing of this Complaint. Further, since at least March 2014, if not sooner, Defendants have been aware of the '130 patent. It is well known within the automotive supplier market that Litens's OAD™ pulleys are proprietary and patented. Litens takes active steps to ensure that its OAD™ pulleys are marketed and advertised as patented. Further, Litens's distributors and sellers of its patented OAD™ pulley advertise and publicize that that OAD™ is patented.

36. Upon information and belief, representatives of Defendants were aware of the '130 patent when designing and developing its Z-Vib pulley.

37. On information and belief, the foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of and indifferent to Plaintiff's rights.

38. Defendants' continuing infringement of the '130 Patent irreparably harms Litens. Litens will continue to suffer irreparable harm absent entry of a permanent injunction enjoining Defendants and its agents, servants, employees, representatives, affiliates, and all others acting with them, from infringing the '130 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that Defendants are and have been infringing the '130 patent;

B. A permanent injunction, issued under 35 U.S.C. § 283, restraining and enjoining Defendants and their respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with each or any of them, from directly committing, aiding, encouraging, enabling, inducing, causing materially contributing to, or otherwise facilitating the infringement of the '130 Patent as described in this action;

C. Requiring that Defendants render a full and complete accounting to Litens for Defendants profits, gains, advantages or the value of business opportunities received from its acts of infringement;

D. Requiring that Defendants pay Litens damages, together with interest and costs as fixed by the court, to compensate Litens for Defendants infringement of the '130 Patent;

E. A declaration that this case is an exceptional case and an award of attorneys' fees under 35 U.S.C. § 285;

F. Determining that Defendants' conduct has been willful and deliberate and enhancing by three-fold the damages that Defendants must pay Litens pursuant to 35 U.S.C. § 284;

G. An award for Litens of adequate interest payments (including pre-judgment and post-judgment interest payments) at the maximum rate provided by law in connection with the damages;

H. In the event a final injunction is not awarded, awarding a compulsory ongoing royalty;

I. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury for each and every issue so permitted by law and statute.

Dated: March 11, 2016

Respectfully submitted,

*/s/ Christopher Kammerer*

Christopher W. Kammerer, Esq.
Florida Bar No.: 0042862
ckammerer@kammerermariani.com
John F. Mariani, Esq.
Florida Bar No.: 263524
jmariani@kammerermariani.com
KAMMERER MARIANI, PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 990-1590
Fax: (561) 228-0998

-and-

Kristopher K. Hulliberger (*pro hac vice* forthcoming)
HOWARD & HOWARD
450 West Fourth Street
Royal Oak, Michigan 48067
(248) 723-0453 – direct
(248) 645-1568 – fax
KHulliberger@howardandhoward.com

*Attorneys for Plaintiff*